## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

BLIND TRUST MARQUITA RUCKER/ )
HOWARD OF THE COMMONWEALTH )
OF PENNSYLVANIA, )
)
       Plaintiff, )
)
       v. ) Civ. No.15-588-SLR
)
GM FINANCIAL, et al., )
)
       Defendants. )

## MEMORANDUM

1. **Introduction**. Plaintiff Blind Trust Marquita Rucker/Howard of the

Commonwealth of Pennsylvania ("plaintiff") proceeds pro se and has been granted

leave to proceed in forma pauperis.[1] Plaintiff filed this lawsuit on July 10, 2015. Plaintiff

asserts jurisdiction by reason of diversity citizenship of the parties pursuant to 28 U.S.C.

§ 1332.

2. **Standard of Review**. A federal court may properly dismiss an action sua

sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief." Ball v. Famiglio, 726

F.3d 448, 452 (3d Cir. 2013). The court must accept all factual allegations in a

complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips

---

[1] The complaint is signed "Attorney in fact Marquita" and plaintiff is identified as
"Rucker/Howard, Marquita D Cestui Awe Trust." (D.I. 2 at 8)

v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, its pleading is liberally construed and its complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiffs leave to amend the complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

5. A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson* 135 S.Ct. at 346.

6. To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

7. **Discussion.** The allegations in the complaint are not a picture of clarity, but it seems that at issue is a vehicle that has been repossessed. Plaintiff appears to allege that it purchased a vehicle that was financed with a loan from defendant GM Financial ("GM Financial") through its agent. GM Financial's agent made a claim in the Superior

3

Court of the State of Delaware ("Superior Court"), who is also a named defendant. It appears that some sort of judicial action was taken on June 8, 2015, and plaintiff alleges that the "courthouse through the deceit of words is committing fraud and piracy, usurping persons and property of man, female or male, by aiding corporations such as GM Financial." (D.I. 2 at 5) Plaintiff alleges defamation, restraint of trade, and discrimination. It seeks $100,000 in damages.

8. **Jurisdiction**. Federal courts have an obligation to address issues of subject matter jurisdiction sua sponte. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Because there appear to be no federal questions, jurisdiction is not appropriate under 28 U.S.C. § 1331. Therefore, the court must discern whether jurisdiction is proper by reason of the diversity of the parties pursuant to 28 U.S.C. § 1332.

9. In a diversity action, a district court has subject matter jurisdiction over state law claims, pursuant to 28 U.S.C. § 1332, if a plaintiff is a citizen from a state different from each defendant and the amount in controversy exceeds $75,000. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002). Complete diversity is required under 28 U.S.C. § 1332. *See Braun v. Gonzales*, 557 F. App'x 176, 179 (3d Cir. 2014) (unpublished) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). This means that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

10. For purposes of diversity of citizenship jurisdiction, a corporation has dual citizenship and is deemed a citizen of two states: its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *Mennen Co. v. Atlantic Mut.*

4

*Ins. Co.,* 147 F.3d 287 (3d Cir. 1998)). A proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab,* 180 F. App'x 316, 320 (3d Cir. 2006) (unpublished) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business").

11. The complaint: (1) provides a Delaware address for plaintiff; (2) makes no mention of the status of GM Financial; and (3) names the Superior Court as a defendant. The face of the complaint does not indicates that the parties are completely diverse. Plaintiff's domicile is in Delaware as is the Superior Court's. The complaint does not provide the state of incorporation or the principal place of business for GM Financial. Based upon the face of the complaint, diversity is destroyed by reason of the same citizenship of plaintiff and the Superior Court. Nor is adequate information provided to determine GM Financial's status for purpose of diversity jurisdiction. Accordingly, the court lacks subject matter jurisdiction over this matter.

12. **Rooker-Feldman/Younger Abstention.** In addition, it is clear in reading the complaint that plaintiff's claim revolves around its dissatisfaction with the Superior Court's handling of plaintiff's case. To the extent plaintiff seeks review and rejection of a Delaware state decision, the claim falls under the purview of the *Rooker-Feldman* doctrine and, therefore, the court cannot exercise jurisdiction.[2] To the extent the action

---

[2] The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court sua sponte. *Desi's*

remains pending in State court and has not yet reached final resolution, the court must abstain by reason of the abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), which has been extended to civil cases and state administrative proceedings. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

13. **Conclusion**. For the above reasons, the court will abstain by reason of the Rooker-Feldman doctrine and Younger abstention and will also dismiss the complaint for want of jurisdiction. The court finds amendment futile. A separate order shall issue.

UNITED STATES DISTRICT JUDGE

Date: _August 31_, 2015

---

*Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).